UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVARIOL MARQUAVIS TAYLOR,

        Plaintiff,               Case No. 1:22-cv-530

v.                                   Honorable Ray Kent

UNKNOWN STUMP et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's damages claims on grounds of immunity and his claims for prospective injunctive relief because he fails to state a claim upon which relief can be granted in a civil rights action.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred there. Plaintiff sues Sergeant Unknown Stump, Correctional

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Officer Unknown Brown, and Mental Health Case Manager Unknown Hickey. He sues Defendants in their official capacities only. (ECF No. 1, PageID.2.)

Plaintiff alleges that on May 7, 2022, Defendant Stump raped him in the prison counselor's office. (*Id.*, PageID.3.) Plaintiff tried to "yell for help but [the] door was shut." (*Id.*) He tried to call the Prison Rape Elimination Act (PREA) hotline but his phone PIN was blocked. (*Id.*) Plaintiff told Defendant Hickey about the incident, and Defendant Hickey responded, "I don't care about you being raped b****. Stop telling everyone [and] maybe it will not happen again." (*Id.*) Plaintiff alleges that Defendant Hickey "did nothing about the issue." (*Id.*) Plaintiff avers further that Defendant Stump told him that the rape was to retaliate against Plaintiff for "telling on staff." (*Id.*) Defendant Stump also said that staff would not care because Plaintiff is "mental." (*Id.*)

Plaintiff was placed on modified access to the grievance system and was unable to obtain a grievance form when he tried to grieve the incident. (*Id.*) He contends that he only went to see Defendant Stump because Defendant Brown had slapped him in the face when he walked into the unit chow hall for dinner. (*Id.*) Plaintiff submitted grievances, but they never got processed. (*Id.*) He contends that staff refused to give him copies of legal work to deny him access to the courts. (*Id.*) Plaintiff suggests that he did not receive any medical examinations or mental health care. (*Id.*, PageID.4.)

Based on the foregoing, Plaintiff asserts violations of his First, Eighth, and Fourteenth Amendment rights. (*Id.*, PageID.3.) He seeks $677,430.00 in compensatory and punitive damages. (*Id.*, PageID.5.) Plaintiff also seeks release from prison and to be placed on home confinement based upon medical vulnerability and health risks posed by the COVID-19 virus. (ECF No. 1-1, PageID.8.)

**II.     Immunity**

As noted *supra*, Plaintiff asserts violations of his First, Eighth, and Fourteenth Amendment rights. (ECF No. 1, PageID.3.) However, he sues Defendants in their official capacities only. (*Id.*, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks both monetary damages and injunctive relief in the form of release from prison and placement on home confinement. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive relief constitutes an exception to sovereign immunity.

5

*See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, Plaintiff seeks injunctive relief in the form of release from custody, stating that release and placement on home confinement is necessary because of risks to his health posed by the COVID-19 pandemic. Such relief is available only upon habeas corpus review. A request for release from prison constitutes a challenge to the fact or duration of confinement, which should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, because Plaintiff's request for equitable relief challenges the fact of his incarceration, he cannot seek such relief in his § 1983 action. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (concluding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of

§ 1915(g)). The Court, therefore, will dismiss Plaintiff's claim for injunctive relief in the form of release against Defendants in their official capacities.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed on grounds of immunity, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: July 25, 2022 /s/ Ray Kent
Ray Kent
United States Magistrate Judge